UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION NO.

TROPICAL BANANA COMPANY, INC.,

Plaintiffs

vs.

JUAN'S DOMINICAN MARKET, INC.
D/B/A DOMINICAN SUPERMARKET,
JUAN L. TAVERA AND
JOSE HERNANDEZ

Defendants

# COMPLAINT

Jurisdiction and Venue

1. Jurisdiction is based upon 7 U.S.C. § 499e(c)(5), *i.e.*, the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*, [hereinafter "PACA"], and 28 U.S.C. §§ 1331 and 1332.

2. Venue in this District is based upon 28 U.S.C. § 1391 in that the Plaintiffs has its principal place of business or residence in this District and the transactions which form the basis of the complaint occurred in this district.

## Parties

3. Plaintiff Tropical Banana Company, Inc. [hereinafter "Tropical"] is a Massachusetts corporation, with an usual place of business in Chelsea, Suffolk County, Massachusetts, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce subject to PACA. Tropical was at all permit times and is now licensed under PACA, License No. 113118.

4. Defendant Juan's Dominican Market, Inc., also known as Dominican Supermarket [hereinafter "Supermarket"] is a Rhode Island corporation with an usual place of business in Pawtucket, Rhode Island engaged in the business of buying wholesale quantities of Produce in interstate commerce subject to PACA and selling the same at retail.

5. Defendant Juan L. Tavera is a resident of Providence, Rhode Island and the President of Supermarket ("Tavera").

6. Defendant Jose Hernandez is a resident of Providence, Rhode Island and the Vice-President of Supermarket ("Hernandez").

## COUNT I
## Goods Sold And Delivered - Tropical

7. The allegations in paragraphs 1 through 6 are incorporated as if fully set forth herein.

8. Supermarket owes Tropical the sum of $16,782.03 for Produce sold and delivered as more fully set forth on the account annexed hereto as Exhibit A.

9. Payment for each purchase was due within ten (10) days of the date of each invoice on said

account

WHEREFORE, Tropical demands judgment against Supermarket for the sum of $16,782.03 plus interest at the rate of 12% per annum commencing ten (10) days after the date of each invoice and costs.

COUNT II
Contract – Tropical

10. The allegations in paragraphs 1 through 9 are incorporated as if fully set forth herein.

11. On diverse dates, Supermarket contracted with Tropical to purchase certain items of Produce at Supermarket.

12. Tropical performed its obligations and delivered the agreed upon Produce.

13. Payment for all items purchased from Tropical by Supermarket was due within 10 days of the date of purchase.

14. Supermarket has failed, neglected and refused to make payment of the agreed upon price.

15. Supermarket owes Tropical the sum of $16,782.03, plus interest at the rate of 12% per annum from the due date of each invoice, and costs.

WHEREFORE, Tropical demands judgment against Supermarket for the sum of $16,782.03, plus interest at the rate of 12% per annum commencing ten (10) days after the date of each invoice and costs.

COUNT III
PACA Trust Enforcement and
Dissipation of PACA Trust Assets By Responsible Individuals

16. The allegations in paragraphs 1 through 15 are incorporated as if fully set forth herein.

17. Supermarket was at all times pertinent hereto and is now required to be licensed under PACA, but, on information and belief, was not so licensed.

18. During the year 2002, and prior thereto, Plaintiff sold Produce to Supermarket in interstate commerce.

19. Plaintiff duly delivered said Produce which was accepted by Supermarket in Chelsea, Massachusetts and in Pawtucket, Rhode Island.

20. At the time of the delivery of the Produce to Supermarket, Plaintiff became a beneficiary of a floating, non-segregated statutory trust arising under 7 U.S.C. §499e(c) (the "PACA Trust").

21. Plaintiff duly preserved it status as a beneficiary of the PACA Trust and remains a beneficiary until payment in full is made for the Produce.

22. Supermarket is required to ensure that it has sufficient PACA Trust assets on hand to pay Plaintiffs at the time payment is due.

23. Until Plaintiff is paid in full, the PACA Trust Assets consist of:

    a. All of Supermarket's Produce;

    b. All of Supermarket inventory of food and other products derived from Produce;

    c. All of Supermarket receivables and proceeds from the sale of Produce, food and other products derived from Produce; and

    d. Any and all assets into which PACA Trust Assets have been transformed, commingled or dissipated.

24. Payment for the Produce is overdue and has not been made by Supermarket despite demand by the Plaintiff.

25. Supermarket has dissipated the PACA Trust assets and has failed to make full payment

promptly of all amount due to the Plaintiff from the PACA Trust Assets in violation of PACA and the Department of Agriculture regulations promulgated thereunder, 7 C.F.R . §46.1 *et seq*.

26. Defendants Tavera, Hernandez and MVasquez, and each of them is a "responsibly connected" person under PACA, as defined in 7 U.S.C. § 499a(9)(B).

27. Defendants Supermarket, Tavera, Hernandez and MVasquez failed to fulfill its, his and their statutory duties to preserve the PACA Trust assets and make full payment promptly to Plaintiffs for the Produce.

28. The failure of Supermarket, Tavera, Hernandez and MVasquez to maintain the PACA Trust Assets and pay Plaintiffs for the Produce was an unfair act and unlawful dissipation of PACA Trust assets.

29. As a result of the acts, neglect and failures of Supermarket, Tavera, Hernandez and MVasquez, the Plaintiff has not been paid and suffered great loss and damage.

WHEREFORE, Plaintiff demands judgment against Supermarket, Tavera, Hernandez and MVasquez, jointly and severally, for the sum of $16,782.03, plus such interest as is determined to be due to each of the Plaintiffs and costs.

COUNT IV
(Mass. G.L. c. 93A §§ 2 and 11)

30. The allegations in paragraphs 1 through 29 are incorporated as if fully set forth herein.

31. Plaintiff is engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

32. Supermarket is engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

33. Tavera, Hernandez and MVasquez through Supermarket are engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

34. Supermarket purchased and obtained goods from the Plaintiff with knowledge or reason to know or intending that it would be unable to make timely payment therefor.

35. Tavera and Hernandez caused and permitted Supermarket to make the above referenced purchases.

36. Supermarket, Tavera, Hernandez and each of them caused and permitted the dissipation of the PACA Trust Assets, leaving insufficient PACA Trust Assets to make timely payment to the Plaintiffs.

37. The foregoing acts and practices constitute unfair or deceptive acts and practices.

38. The unfair and deceptive acts and practices were committed willfully and/or with knowledge or reason to known that the same violated G.L. c. 93A §§ 2 and 11.

39. As a result of the unfair and deceptive acts and practices of the said Defendants, and each of them, the Plaintiffs have suffered and continue to suffer great loss and damage.

WHEREFORE, Plaintiff demands judgment against Supermarket, Tavera and Hernandez, jointly and severally, as follows:

1. Single damages in the amount of its respective loss and damage;

2. Multiple damages of at least twice and up to three times the single damage award;

3. Interest at the greater of the contract rate or the statutory rate from the due date of each invoice;

4. Reasonable attorney fees and costs;

5. Such other and further relief as this court deems just and mete.

TROPICAL BANANA CO., INC.
By Its Attorneys

Phillip M. Weinstein, Esq.
LAW OFFICE OF PHILLIP M. WEINSTEIN
1 Providence
Washington Plaza, 5th Floor
Providence, RI 02903
R.I. Bar ID#
tel 401-521-3500
fax 401-331-9267

Andrew M. Osborne
OSBORNE & VISCONTI
20 Eastbrook Road
Dedham, MA 02026
tel. 781-326-9766
fax 781-326-4113
BBO#380455

Page 1

# TROPICAL BANANA CO., Inc.

Friday -- 05/27/05

## Statement

Customer Number: 5026

Send To:

DOMINICAN SUPERMARKET
341 LONDSDALE AVENUE
PAWTUCKET, RI 02860

Remit To:

TROPICAL BANANA CO., Inc.
350 Beacham St.
Chelsea, MA 02150

617-889-4808
Terms: 10 days

Location: 341 LONDSDALE AVENUE, PAWTUCKET, RI 02860
Phone No: 401-726-9386,

| Tkt. No. | DATE | INVOICE | AMOUNT | POSTED | INTEREST | BALANCE | TTL. DUE |
|---|---|---|---|---|---|---|---|
| 1046/045 | 06/10/02 | *115620 | 2105.50 | | 0.00 | 69.00 | 69.00 |
| | 03/31/03 | | | 2036.50 | | | |
| 6061/6062 | 09/23/02 | 124803 | 2195.00 | | 0.00 | 947.28 | 1016.28 |
| | 05/27/05 | | | 1247.72 | | | |
| 5742 | 09/26/02 | 125187 | 1124.75 | | 0.00 | 1124.75 | 2141.03 |
| 6420 | 09/27/02 | *125332 | 1577.00 | | 0.00 | 1577.00 | 3718.03 |
| 5790/5792 | 10/01/02 | 125590 | 3780.50 | | 0.00 | 1053.50 | 4771.53 |
| | 05/27/05 | | | 2727.00 | | | |
| 6867/6866 | 10/04/02 | *125969 | 1420.00 | | 0.00 | 1420.00 | 6191.53 |
| 6581/6583 | 10/07/02 | *126114 | 1852.50 | | 0.00 | 1852.50 | 8044.03 |
| 6695/6696 | 10/10/02 | 126480 | 1022.00 | | 0.00 | 1022.00 | 9066.03 |
| 6990 | 10/11/02 | 126575 | 1628.00 | | 0.00 | 1628.00 | 10694.03 |
| 6772 | 10/17/02 | *127087 | 1507.50 | | 0.00 | 1507.50 | 12201.53 |
| 6823 | 10/18/02 | *127178 | 780.00 | | 0.00 | 780.00 | 12981.53 |
| 7592 | 10/25/02 | 203623 | 765.00 | | 0.00 | 619.00 | 13600.53 |
| | 05/27/05 | | | 146.00 | | | |
| 8312/8313 | 10/29/02 | *128120 | 1914.50 | | 0.00 | 1914.50 | 15515.03 |
| 8164 | 10/30/02 | 128231 | 1267.00 | | 0.00 | 1267.00 | 16782.03 |

* corrected invoice

Total Amount Due: 16782.03

Thank you for your payment of 372.00 on 03/31/03

| AGED BALANCE DUE: | WEEK #1 | WEEK #2 | WEEK #3 | WEEK #4 | WEEK #5 | WEEK #6 | WEEK #7 | WEEK #8 | WEEKS 9+ |
|---|---|---|---|---|---|---|---|---|---|
| | 05/21-27 | 05/14-20 | 05/07-13 | 04/30-06 | 04/23-29 | 04/16-22 | 04/09-15 | 04/02-08 | ? - 04/01 |
| | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16782.03 |

[redacted]