UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION NO. 05-342-T

TROPICAL BANANA COMPANY, INC.,

Plaintiffs

vs.

JUAN'S DOMINICAN MARKET, INC.
D/B/A DOMINICAN SUPERMARKET,
JUAN L. TAVERA, JUAN VASQUEZ
AND JOSE HERNANDEZ,

Defendants

## AMENDED COMPLAINT

Jurisdiction and Venue

1. Jurisdiction is based upon 7 U.S.C. § 499e(c)(5), *i.e.*, the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*, [hereinafter "PACA"], and 28 U.S.C. §§ 1331 and 1332.

2. Venue in this District is based upon 28 U.S.C. § 1391 in that the Plaintiffs has its principal place of business or residence in this District and the transactions which form the basis of the complaint occurred in this district.

Parties

3. Plaintiff Tropical Banana Company, Inc. [hereinafter "Tropical"] is a Massachusetts corporation, with an usual place of business in Chelsea, Suffolk County, Massachusetts, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce subject to PACA. Tropical was at all permit times and is now licensed under PACA, License No. 113118.

4. Defendant Juan's Dominican Market, Inc., also known as Dominican Supermarket [hereinafter "Supermarket"] is a Rhode Island corporation with an usual place of business in Pawtucket, Rhode Island engaged in the business of buying wholesale quantities of Produce in interstate commerce subject to PACA and selling the same at retail.

5. Defendant Juan L. Tavera is a resident of Providence, Rhode Island and the President and a Director of Supermarket ("Tavera").

6. Defendant Jose Hernandez is a resident of Providence, Rhode Island and was the Vice-President of Supermarket ("Hernandez")

7. Defendant Juan Vasquez is a resident of Pawtucket, Rhode Island and is the Vice-President and a Director of Supermarket ("Juan Vasquez").

COUNT I
Goods Sold And Delivered - Tropical

8. The allegations in paragraphs 1 through 7 are incorporated as if fully set forth herein.

9. Supermarket owes Tropical the sum of $16,782.03 for Produce sold and delivered as more fully set forth on the account annexed hereto as Exhibit A.

10. Payment for each purchase was due within ten (10) days of the date of each invoice on said account

WHEREFORE, Tropical demands judgment against Supermarket for the sum of $16,782.03 plus interest at the rate of 12% per annum commencing ten (10) days after the date of each invoice and costs.

COUNT II
Contract – Tropical

11. The allegations in paragraphs 1 through 10 are incorporated as if fully set forth herein.

12. On diverse dates, Supermarket contracted with Tropical to purchase certain items of Produce at Supermarket.

13. Tropical performed its obligations and delivered the agreed upon Produce.

14. Payment for all items purchased from Tropical by Supermarket was due within 10 days of the date of purchase.

15. Supermarket has failed, neglected and refused to make payment of the agreed upon price.

16. Supermarket owes Tropical the sum of $16,782.03, plus interest at the rate of 12% per annum from the due date of each invoice, and costs.

WHEREFORE, Tropical demands judgment against Supermarket for the sum of $16,782.03, plus interest at the rate of 12% per annum commencing ten (10) days after the date of each invoice and costs.

## COUNT III
## PACA Trust Enforcement and
## Dissipation of PACA Trust Assets By Responsible Individuals

17. The allegations in paragraphs 1 through 16 are incorporated as if fully set forth herein.

18. Supermarket was at all times pertinent hereto and is now required to be licensed under PACA, but, on information and belief, was not so licensed.

19. During the year 2002, and prior thereto, Plaintiff sold Produce to Supermarket in interstate commerce.

20. Plaintiff duly delivered said Produce which was accepted by Supermarket in Chelsea, Massachusetts and in Pawtucket, Rhode Island.

21. At the time of the delivery of the Produce to Supermarket, Plaintiff became a beneficiary of a floating, non-segregated statutory trust arising under 7 U.S.C. §499e(c) (the "PACA Trust").

22. Plaintiff duly preserved it status as a beneficiary of the PACA Trust and remains a beneficiary until payment in full is made for the Produce.

23. Supermarket is required to ensure that it has sufficient PACA Trust assets on hand to pay Plaintiffs at the time payment is due.

24. Until Plaintiff is paid in full, the PACA Trust Assets consist of:

    a. All of Supermarket's Produce;

    b. All of Supermarket inventory of food and other products derived from Produce;

    c. All of Supermarket receivables and proceeds from the sale of Produce, food and other products derived from Produce; and

    d. Any and all assets into which PACA Trust Assets have been transformed, commingled or dissipated.

25. Payment for the Produce is overdue and has not been made by Supermarket despite demand by the Plaintiff.

26. Supermarket has dissipated the PACA Trust assets and has failed to make full payment promptly of all amount due to the Plaintiff from the PACA Trust Assets in violation of PACA and the Department of Agriculture regulations promulgated thereunder, 7 C.F.R . §46.1 *et seq*.

27. Defendants Tavera, Hernandez and JVasquez, and each of them is a "responsibly connected" person under PACA, as defined in 7 U.S.C. § 499a(9)(B).

28. Defendants Supermarket, Tavera, Hernandez and JVasquez failed to fulfill its, his and their statutory duties to preserve the PACA Trust assets and make full payment promptly to Plaintiffs for the Produce.

29. The failure of Supermarket, Tavera, Hernandez and JVasquez to maintain the PACA Trust Assets and pay Plaintiffs for the Produce was an unfair act and unlawful dissipation of PACA Trust assets.

30. As a result of the acts, neglect and failures of Supermarket, Tavera, Hernandez and JVasquez, the Plaintiff has not been paid and suffered great loss and damage.

WHEREFORE, Plaintiff demands judgment against Supermarket, Tavera, Hernandez and JVasquez, jointly and severally, for the sum of $16,782.03, plus such interest as is determined to be due to the Plaintiffs and costs.

## COUNT IV
(Mass. G.L. c. 93A §§ 2 and11)

31. The allegations in paragraphs 1 through 29 are incorporated as if fully set forth herein.

32. Plaintiff is engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

33. Supermarket is engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

34. Tavera, Hernandez and JVasquez through Supermarket are engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

35. Supermarket purchased and obtained goods from the Plaintiff with knowledge or reason to know or intending that it would be unable to make timely payment therefor.

36. Tavera and Hernandez caused and permitted Supermarket to make the above referenced purchases.

37. Supermarket, Tavera, Hernandez and each of them caused and permitted the dissipation of the PACA Trust Assets, leaving insufficient PACA Trust Assets to make timely payment to the Plaintiff.

38. JVasquez has failed to rectify and has permitted the continued insufficiency of the PACA Trust and the failure to make full payment promptly

39. The foregoing acts and practices constitute unfair or deceptive acts and practices.

40. The unfair and deceptive acts and practices were committed willfully and/or with knowledge or reason to known that the same violated G.L. c. 93A §§ 2 and 11.

41. As a result of the unfair and deceptive acts and practices of the said Defendants, and each of them, the Plaintiff has suffered and continue to suffer great loss and damage.

WHEREFORE, Plaintiff demands judgment against Supermarket, Tavera, Hernandez and JVasquez, jointly and severally, as follows:

1. Single damages in the amount of its respective loss and damage;

2. Multiple damages of at least twice and up to three times the single damage award;

3. Interest at the greater of the contract rate or the statutory rate from the due date of each invoice;

4. Reasonable attorney fees and costs;

5. Such other and further relief as this court deems just and mete.

TROPICAL BANANA CO., INC.
By Its Attorneys

Philip M. Weinstein
LAW OFFICE OF PHILLIP M. WEINSTEIN
1 Providence St.
Washington Plaza, 5th Floor
Providence, RI 02903
R.I. Bar ID#
tel 401-521-3500
fax 401-331-9267
pweinst@aol.com

Andrew M. Osborne
OSBORNE & VISCONTI
20 Eastbrook Road
Dedham, MA 02026
tel. 781-326-9766
fax 781-326-4113
BBO#380455
ozzvis@yahoo.com

CERTIFICATE OF SERVICE

I, Philip M. Weinstein, hereby certify that on the date set forth below I served the foregoing document by mailing a copy of the same first class mail, postage prepaid to counsel of record and to all parties not represented by counsel as follows:

Juan's Dominican Market, Inc.
341 Lonsdale Ave.
Pawtucket, RI 02860

Juan's Dominican Market, Inc.
C/o Glen J. Sciotti
946 Park Ave.
Cranston, RI 02910

Juan Luis Tavera
27 Brockton St.
Providence, RI 02904

Juan Vasquez
341 Lonsdale Ave.
Pawtucket, RI 02860

Jose Hernandez
341 Lonsdale Ave.
Pawtucket, RI 02860

Signed under the penalties of perjury.

October ___, 20005

Philip M. Weinstein

Page 1

# TROPICAL BANANA CO., Inc.

Friday -- 05/27/05

## Statement

Customer Number: 5026

Send To:

DOMINICAN SUPERMARKET
341 LONDSDALE AVENUE
PAWTUCKET, RI 02860

Remit To:

TROPICAL BANANA CO., Inc.
350 Beacham St.
Chelsea, MA 02150

617-889-4808
Terms: 10 days

Location: 341 LONDSDALE AVENUE, PAWTUCKET, RI 02860
Phone No: 401-726-9386,

| Tkt. No. | DATE | INVOICE | AMOUNT | POSTED | INTEREST | BALANCE | TTL. DUE |
|---|---|---|---|---|---|---|---|
| 1046/045 | 06/10/02 | *115620 | 2105.50 | | 0.00 | 69.00 | 69.00 |
| | 03/31/03 | | | 2036.50 | | | |
| 5061/6062 | 09/23/02 | 124803 | 2195.00 | | 0.00 | 947.28 | 1016.28 |
| | 05/27/05 | | | 1247.72 | | | |
| 5742 | 09/26/02 | 125187 | 1124.75 | | 0.00 | 1124.75 | 2141.03 |
| 5420 | 09/27/02 | *125332 | 1577.00 | | 0.00 | 1577.00 | 3718.03 |
| 5790/5792 | 10/01/02 | 125590 | 3780.50 | | 0.00 | 1053.50 | 4771.53 |
| | 05/27/05 | | | 2727.00 | | | |
| 5867/6866 | 10/04/02 | *125969 | 1420.00 | | 0.00 | 1420.00 | 6191.53 |
| 6581/6583 | 10/07/02 | *126114 | 1852.50 | | 0.00 | 1852.50 | 8044.03 |
| 6695/6696 | 10/10/02 | 126480 | 1022.00 | | 0.00 | 1022.00 | 9066.03 |
| 6990 | 10/11/02 | 126575 | 1628.00 | | 0.00 | 1628.00 | 10694.03 |
| 6772 | 10/17/02 | *127087 | 1507.50 | | 0.00 | 1507.50 | 12201.53 |
| 5823 | 10/18/02 | *127178 | 780.00 | | 0.00 | 780.00 | 12981.53 |
| 7592 | 10/25/02 | 203623 | 765.00 | | 0.00 | 619.00 | 13600.53 |
| | 05/27/05 | | | 146.00 | | | |
| 8312/8313 | 10/29/02 | *128120 | 1914.50 | | 0.00 | 1914.50 | 15515.03 |
| 8164 | 10/30/02 | 128231 | 1267.00 | | 0.00 | 1267.00 | 16782.03 |

* corrected invoice

Total Amount Due: 16782.03

Thank you for your payment of 372.00 on 03/31/03

| AGED BALANCE DUE: | WEEK #1 | WEEK #2 | WEEK #3 | WEEK #4 | WEEK #5 | WEEK #6 | WEEK #7 | WEEK #8 | WEEKS 9+ |
|---|---|---|---|---|---|---|---|---|---|
| | 05/21-27 | 05/14-20 | 05/07-13 | 04/30-06 | 04/23-29 | 04/16-22 | 04/09-15 | 04/02-08 | ? - 04/01 |
| | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16782.03 |

[redacted]