UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION NO. 05-342-T

| | |
|---|---|
| TROPICAL BANANA COMPANY, INC., | * |
| Plaintiffs | * |
| vs. | * |
| JUAN'S DOMINICAN MARKET, INC. D/B/A DOMINICAN SUPERMARKET, JUAN L. TAVERA, JUAN VASQUEZ AND JOSE HERNANDEZ, | * |
| Defendants | * |

PLAINTIFF'S MOTION TO DEFAULT DEFENDANTS,
FOR ASSESSMENT OF DAMAGES
AND ENTRY JUDGMENT

Now comes the Plaintiff and moves that this Court default the Defendants, assess damages and enter judgment against the the Defendants, in accordance with the attached Memorandum of Damages and Affidavits of the Plaintiff. Plaintiff further requests that an award of attorneys fees be made based upon the record before the Court. Plaintiffs submit a Memorandum is support of this Motion and the Affidavits of Andrew M. Osborne, Philip M. Weinstein and Dennis Baluch in support of the request for attorneys fees.

Plaintiff requests an oral argument. The estimated time is 15-30 minutes.

TROPICAL BANANA CO., INC.
By their Attorneys

Philip M. Weinstein, Esq.
Law Office of Philip Weinstein
1 Providence Washington Plaza
5th Floor
Providence, RI 02903

OSBORNE & FONTE,

Andrew M. Osborne
20 Eastbrook Rd., Suite 304
Dedham, MA 02026
(781) 326-9766
BBO# 380455

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TROPICAL BANANA COMPANY, INC.,

Plaintiff

VS. CIVIL ACTION NO. 05-342-T

JUAN'S DOMINICAN MARKET, INC.
D/B/A DOMINICAN SUPERMARKET,
JUAN L. TAVERA, JUAN VASQUEZ
AND JOSE HERNANDEZ,

Defendants

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
FOR ASSESSMENT OF DAMAGES AND ENTRY OF JUDGMENT

This is an action for damages arising, *inter alia*, under the Perishable Agricultural Commodities Act, 7 U.S.C. §499a, *et seq.*, ("PACA") and the Massachusetts Consumer Protection Act, M.G.L. c. 93A, from the failure of Juan's Dominican Supermarket, Inc. ("Supermarket"), its officers and directors, to make payment for the perishable agricultural commodities ("Produce") sold and delivered to Supermarket by the Plaintiff, Tropical Banana Co., Inc. ("Tropical")

I. PARTIES

Tropical is licensed under PACA as a wholesaler dealer of fruit and produce at the New England Produce Center, Chelsea, Massachusetts (¶'s 3 - 6)[1]. Supermarket is required to be but is not a licensed dealer under PACA. (¶17). Juan L. Tavera and Juan Vasquez are the current officers and directors of Supermarket according to the Rhode Island Secretary of State (**Exhibit 1** attached). Jose Hernandes was an officer of Supermarket at the time of the transaction which give rise to Tropical's claims, but apparently is no longer.[2].

---

[1] Reference unless otherwise stated is to the paragraph numbers in the complaint.

[2] Plaintiff has been unable to effect service of process upon Jose Hernandez and believes that he may have left the jurisdiction. A voluntary dismissal of the claims against him is submitted herewith.

## II. CASE STATUS

This action was filed on August 11, 2005. After service was effected upon Supermarket, an Amended Complaint adding Juan Vasquez as a defendant was filed on October 21, 2005 and served upon Supermarket. Service was therefter effected upon Juan Tavera and Juan Vasquez and the returns filed with the Court on November 3, 2005. Since that time counsel for Tropical has had ongoing settlement discussions with representatives of the Defendants, including counsel, who has not appeared in this action. The Defendants have not filed any response to either the original or the Amended Complaint. It is now appropriate for a default to be entered against each of the defendants pursuant to F.R.C.P. Rule 55(a). A determination must be made by the Court pursuant to F.R.C.P. Rule 55(b)(2) of the damages to be awarded under M.G.L. c. 93A along with attorneys fees.

## III. STATEMENT OF FACTS

The Plaintiff sold produce to Supermarket on an open account basis from its place of business in Massachusetts. (Tasho Affidavit ¶5).[3] Together with the allegations in the complaint, which are deemed admitted by reason of the default, *KPS & Associates, Inc. v. Designs by FMC*, 318 F.3d 1, 24 (1st Cir. 2003), the Tasho Affidavit establishes that from around June 2002 and continuing through October of that year, purchases were made for which Supermarket has failed to make full and prompt payment[4] and failed to maintain sufficient PACA Trust assets to pay Plaintiff in a timely manner. (Tasho Affidavit ¶6 and ¶'s 9, 15, 16 and 26). Although Supermarket continues to operate in Pawtucket, Rhode island, it has made no accounting for the Trust assets or failure to make payment. The indebtedness due to Plaintiff is currently $16,782.03, plus interest at the statutory rate of twelve

---

[3]Affidavit of Peter Tasho, Vice President of Tropical Banana Co., Inc. (the "Tasho Affidavit).

[4] 7 U.S.C. §499b provides in part : "It shall be unlawful in or in connection with any transaction in interstate or foreign commerce:

> (4) For any commission merchant, dealer, or broker...to fail or refuse truly and correctly to account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had; or to fail, without reasonable cause, to perform any specification or duty, express or implied, arising out of any undertaking in connection with any such transaction; or to fail to maintain the trust as required under section 499e of this title.

(12%) per annum, M.G.L. c. 231 6C.[5] (¶'s 9 and 16). Interest accrues commencing ten (10) days after the date of each invoice. The Memorandum of Damages submitted sets out the calculation for the accrual of interest.

## IV. Summary of Claims

Counts I and II of the Amended Complaint set forth the claims for unpaid amounts due from Supermarket on an account annexed and for breach of contract. Count III seeks recovery against all Defendants for their failure to make full payment promptly and maintain the PACA Trust. Count IV asserts that the Defendants committed unfair and deceptive acts and practices, i.e. the failure to observe the duty to make full payment promptly and to maintain the PACA Trust, and for purchasing goods knowing or intending that payment would not be made, and seeks exemplary damages under Mass. G.L. c. 93A.

## V. ARGUMENT

### A. BACKGROUND

PACA was enacted to encourage fair trading practices in the marketing of perishable commodities by suppressing unfair and fraudulent business practices in marketing of fresh and frozen fruits and vegetables... and providing for collecting damages from any buyer or seller who fails to live up to his contractual obligations. H.R. Rep. No. 543, 98th Cong., 2d Sess. 3 (1983), reprinted in 1984 U.S.C.C.A.N. 405, 406. Under PACA, it is unlawful for buyers of produce, *inter alia*, to fail to make prompt payment for a shipment of produce. 7 U.S.C. § 499b(4).

In order to address the problem arising from the large number of defaults by produce

---

[5] G.L.c. 231, § 6C. Interest added to damages in contract actions.
Section 6C. In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added by the clerk of the court, at such contractual rate, or at the rate of twelve per cent per annum from the date of the commencement of the action,.... If the date of the breach or demand is not established, such interest shall be added by the clerk of the court from the date of the commencement of the action.

purchasers, Section 499e(c) was added to PACA, Pub. L. No. 98-273, 98 Stat. 163 (1984). A trust in favor of the sellers is imposed on the inventories of commodities, the products derived therefrom, and the proceeds of sale of such commodities and products. See *JSG Trading Corp. v. Tray-Wrap, Inc.* , 917 F.2d 75, 77 (2d Cir. 1990) H.R. Rep. No. 543, at 3-4, reprinted in 1984 U.S.C.C.A.N. at 407.

Specifically, Section 499e(c)(2) of PACA provides that

> [p]erishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities . . . until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

This provision imposes a "non-segregated floating trust" [hereinafter the "PACA Trust"] on the commodities and their derivatives, and permits the commingling of trust assets without defeating the trust. 7 C.F.R. § 46.46(c); *see also JSG Trading*, *supra* at 78. A single PACA Trust exists for the benefit of all PACA creditors and continues in effect until all PACA creditors are paid in full. *In re Kornblum & Co.*, 81 F.3d 280, 286 (2d Cir. 1996). Ordinary principles of trust law apply to the trusts created by the Act, see *Endico Potatoes v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1067 (2nd Cir. 1995), so that a Dealer holds the legal title to the produce and its derivatives or proceeds but the seller retains an equitable interest in the trust property pending payment. *See* Restatement (Second) of Trusts § 2 (1959).

B. PARTIES SUBJECT TO PACA

Tropical is a licensed dealer under PACA (¶ 3, Tasho Affidavit ¶ 2). Supermarket, as a retailer making purchases in excess of $230,000 per year (¶17, Tasho Affidavit ¶ 5), is required to be the holder of a PACA license, 7 U.S.C. §499a(b)(6)(B),(11); 7 C.F.R. §§46.2(j), (m)(2). It is unlawful not to be so licensed 7 U.S.C. §499c, 7 C.F.R. § 46.3.

C. ASSETS SUBJECT TO THE PACA TRUST

The assets of the PACA Trust ordinarily consist of the produce and inventories of food or other products derived from the sale of produce and the proceeds from the sale of produce, including accounts

receivable. 7 U.S.C. § 499e(c)(2). PACA defines such produce as "fresh fruit and fresh vegetables of every kind and character" including those frozen or packed in ice. 7 U.S.C. § 499a(b)(4). The burden of proving what was done with the Trust assets lies with the defendants to the PACA claim. *Sanzone-Palmisano Co. v. M. Seaman Enterprises*, 986 F.2d 1010, 1014 (6th Cir. 1993). The Defendants have furnished no evidence The uncontested allegations are that the assets were dissipated (¶'s 26, 28, 37, 38).

D. PRESERVING PACA RIGHTS

The PACA Trust provisions apply both to a licensee and to persons who are required to be, but are not so licenced. 7 C.F.R. §46.46(c)(2). To preserve its claim against a PACA Trust and its fiduciaries, a PACA creditor must comply with the notice requirements. A PACA creditor may preserve the benefits of the PACA trust by including on its ordinary and usual billing or invoice a statement:

> (1) providing the terms of payment, if different from those established by the Secretary of Agriculture, and
> (2) including the following language:
> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. 7 U.S.C. §499e(c)(4); 7 C.F.R. § 46.46(f)(3).

Plaintiff properly preserved its rights as a beneficiary of the PACA Trust by endorsing the requisite notice on the invoices tendered to Supermarket.(¶ 22). See the invoices attached as Exhibit 1 to the Tasho Affidavit. Tropical is entitled to recover the full amount of the damages sustained as a result of the failure of Supermarket to make full payment promptly, 7 U.S.C. §499b, pursuant to 7 U.S.C. §499e(a) 7 C.F.R. §46.46(a)(3).

E. LIABILITY OF RESPONSIBLY CONNECTED PERSONS UNDER PACA

Although PACA does not expressly state that shareholders, officers, or directors of a corporation can be held individually liable under PACA, the courts have read such liability into the statute. Liability attaches to a person "responsibly connected" to the entity that breaches the fiduciary obligation to ensure

that the PACA trust assets are properly preserved for the benefit of the Produce suppliers, 7 U.S.C. §499a(b)(9), 7 C.F.R. §46.2(ff) "[A] PACA trust in effect imposes liability on a trustee, whether a corporation or a controlling person of that corporation, who uses the trust assets for any purpose other than repayment of the supplier .... [including] legitimate business expenditures, such as the payment of rent, payroll, or utilities." *Morris Okun, Inc., supra* at 348. *See also Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280 (9th Cir. 1997); *In re Baird*, 114 B.R. 198, 204 (9th Cir. 1990); *In re Zois*, 201 B.R. 501 (Bankr. N.D. Ill. 1996). *See also*, *In re Al Nagelberg & Co.*, 84 B.R. 19 (S.D.N.Y. 1988) and *Hiller Cranberry Prods. v. Koplovsky*, supra. (The use of PACA trust assets for purposes other than the payment of PACA creditors without keeping an adequate reserve for payment constitutes an unlawful dissipation of trust assets).

The shareholders and directors of a close corporation, control the affairs of the entity and cannot avoid liability by virtue of any failure to exercise that control. *Golman-Hayden Co., Inc. v. Fresh Source Produce Co., Inc.*, 217 F.3d 348, 350 (5th Cir. 2001). A refusal or failure to exercise any appreciable oversight of the entity's management is a breach of the fiduciary duty to preserve PACA Trust assets. *Id* Those who control the business affairs are responsible for failure to maintain the PACA Trust, whether through intentional dissipation or through management neglect. Public policy strongly favors protection of the interests of the produce creditors. "[] PACA is a remedial statute that should be given a liberal construction in favor of promoting Congress' intended purpose." *Hiller*, *supra* at 6.

A PACA licensee must identify the officers, directors and those persons holding a ten (10%) ownership interest in the licensee.[6] In addition to the allegations in the Amended Complaint (¶'s 5, 7 and 27), the public records furnished to the Rhode Island Secretary of State (See Exhibit 1 hereto) identify Juan Tavera and Juan Vasquez as the corporate officers of Supermarket. This constitutes an admission on their part that each is per se responsibly connected and thus liable to Plaintiffs for their defalcations

---

[6] 7 C.F.R. § 46.2(ff) Responsibly connected means affiliation as individual owner, partner in a partnership, or officer, director or holder of more than 10 percent of the outstanding stock of a corporation or association.

while acting in a fiduciary capacity. (¶'s 28, 29).

F. <u>DAMAGES UNDER M.G.L. C. 93A</u>

The Massachusetts Appeals Court stated in *Multi Technology, Inc. v. Mitchell Mgmt. Sys., Inc.*, 25 Mass. App. Ct. 333, 334-335 (1988), citing *Productora e Importadora de Papel, S.A. de C.V. v. Fleming*, 376 Mass. at 833-835, "Upon default under Mass.R.Civ.P. 55(b), 365 Mass. 822 (1974), that the factual allegations of a complaint are accepted as true for purposes of establishing liability; the question whether an adequate statement of a claim for relief has been made, however, remains open. . "

It is clear from the complaint that there remain outstanding obligations dating back months. The Defendants had to have known that Tropical expected to be paid in full for the goods in a timely manner, 7 C.F.R. §46.2(aa). The payment periods are set forth on each of the invoices and in the Amended Complaint (¶ 10). Despite the PACA imposed obligation to make "full payment promptly", there many purchases for which no payment was ever made. Since the individual Defendants controlled the business of Supermarket, they are the persons who engineered the breach of the duty to make payment to Plaintiff.

An allegation that the defendants knew they could not pay or never intended to pay for the goods (¶ 35) states sufficient facts to constitute a claim for relief under c. 93A. *Levings v. Forbes & Wallace, Inc.*, 8 Mass. App. Ct. 498, 504 (1979); *Multi Technology, Inc. v. Mitchell Mgmt. Sys., Inc.*, 25 Mass. App. Ct. 333, 334-335 (1988); *Marshall v. Stratus Pharm.*, 51 Mass. App. Ct. 667, 676, 749 N.E.2d 698 (2001). See *also Nader v. Citron*, 376 Mass. 96, 104, [fn4] (1977).

*Marshall v. Stratus Pharm.*, supra @ 677, reiterates the rule that individuals although acting within their authority as officers are personally liable for their own acts in violation of G.L.c. 93A, § 11. Cf. *Standard Register Co. v. Bolton-Emerson, Inc.*, 38 Mass. App. Ct. 545, 550-551 (1995), and cases cited. *The Community Builders, Inc. v. Indian Motocycle Assocs., Inc.*, 44 Mass. App. Ct. 537, 560 (1998) (settled that corporate officers may be held liable under c. 93A for their personal participation in conduct invoking its sanctions); *Nader v. Citron*, supra @ 102 (1977). A violation of c. 93A can be established as a result of the Defendants' default. *KPS & Associates, Inc. v. Designs by FMC*, supra.

A determination as to the award of multiple damages is not established by the default and is left to the Court to make. *Marshall v. Stratus Pharm.*, supra @ 677 and cases cited. " The multiple damage provisions of c. 93A are designed to impose a penalty, *Heller v. Silverbranch Constr. Corp.*, 376 Mass. 621, 627-628 (1978), that varies with the culpability of the defendant. *Linthicum v. Archambault*, 379 Mass. 381, 388 (1979). We believe that the Legislature intended that defendants would be independently liable for multiple damages under § 11." *International Fidelity Ins. Co. V. Wilson*, 387 Mass. 841, 856, 443 N.E.2d 1308 (1983)

"To be held unfair or deceptive under c. 93A, practices involving even worldly-wise business people do not have to attain the antiheroic proportions of immoral, unethical, oppressive, or unscrupulous conduct, but need only be within any recognized or established common law or statutory concept of unfairness. *Vmark Software, Inc. v. Emc Corp.*, 37 Mass. App. Ct. 610, 620,642 N.E.2d 587 (1994). PACA makes it clear that the failure to make payment is per se an unlawful and unfair act.[7] Violations of the duty under PACA to make full payment promptly are repeated if not simultaneous. *Reese Sales C. v. Hardin*, 458 F2d 183 (9th Cir. 1972). Here the many purchases over months were repeated. The failure to make payment is willful if its either intentional or in disregard of statutory authority. *Finer Food Sales Co., Inc. v. Block*, 708 F.2d 774, 778 (D.C. Cir 1983). The violations are considered flagrant as the of violations and period of time over which violations occurred increase. *Reese Sales*, supra, and *Zwick v. Freeman*, 373 F.2d 110, 115 (2nd Cir. 1967).

The United States Department of Agriculture treats the repeated and flagrant violations of the prompt payment duty, such as those here, very seriously, often resulting in sanctions.. See *In re:*

---

[7] 7 C.F.R. §46.2 (aa) Full payment promptly is the term used in the Act in specifying the period of time for making payment without committing a violation of the Act.
Section 499(b), entitled "Unfair Conduct", provides in part : "It shall be unlawful in or in connection with any transaction in interstate or foreign commerce: (4) For any commission merchant, dealer, or broker...to fail or refuse truly and correctly to account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had; or to fail, without reasonable cause, to perform any specification or duty, express or implied, arising out of any undertaking in connection with any such transaction; or to fail to maintain the trust as required under section 499e of this title.

*Scamcorp, Inc., PACA Docket No. 95-0502 (January 29, 1998).*[8] The Defendants wilfully and knowingly and in disregard of their statutory duty undertook a course of action that tantamount to defrauding the Plaintiff. M.G.L. c. 93A reflects "the Legislature's displeasure with the proscribed conduct and its desire to deter such conduct and encourage vindicative lawsuits." *McGrath v. Mishara*, 386 Mass. 74, 85 (1982) and to promote reasonable settlements. *Nader v. Citron*, 372 Mass. 96, 100 (1977). The "responsibly connected" persons here have, by virtue of their failure to answer the complaint admitted active and equal participation not only in the breach of fiduciary duty, but also in obtaining the goods from the Plaintiffs in violation of M.G.L. c. 93A. (¶'s 35-40).

Ignorance of the statutory duty and conscious disregard of the consequences not only constitutes a "willful or knowing" violation of c. 93A, see *Montanez v. Bagg*, 24 Mass. App. Ct. 954 (1987), and cases therein cited (especially *Computer Sys. Engr., Inc. v. Qantel Corp.*, 571 F. Supp. 1365, 1375 [D.Mass. 1983], aff'd, 740 F.2d 59, 68 [1st Cir. 1984]), it is conduct which is sufficiently egregious to justify treble damages. *Whelihan v. Markowski*, 37 Mass. App. Ct. 209, 212-213, 638 N.E.2d 927 (1994), citing *McGrath v. Mishara,* 386 Mass. 74, 85 (1982); *International Fid. Ins. Co. v. Wilson*, 387 Mass. at 853, 857.

"[C]onduct 'in disregard of known contractual arrangements' and intended to secure benefits for the breaching party constitutes an unfair act or practice for c. 93A purposes." *Anthony's Pier Four, Inc. v. HBC Assocs.*, 583 N.E.2d 806, 821 (Mass. 1991) (quoting *Wang Labs., Inc. v. Bus. Incentives, Inc.*, 501 N.E.2d 1163, 1165 (Mass. 1986)). There is more than adequate evidence before the Court to find that the defendants acted in willful and intentional disregard of known contractual, statutory and fiduciary obligations. A breach of fiduciary duty in a business context, such as the failure to preserve the PACA

---

[8] "In any PACA disciplinary proceeding in which it is shown that a respondent has failed to pay in accordance with PACA and is not in full compliance with PACA..., the PACA case will be treated as a 'no-pay' case.... In any 'no-pay' case in which the violations are flagrant or repeated, the license of a PACA licensee, shown to have violated the payment provisions of PACA, will be revoked." p. 29

"Full compliance requires not only that a respondent have paid all produce sellers in accordance with PACA, but also,...that a respondent have no credit agreements with produce sellers for more than 30 days". p.30.

Trust assets (7 C.F.R. §46.46(a)(3) is an unfair and deceptive act warranting an award of multiple damages. *Quinton v. Gavin*, 64 Mass. App. Ct. 792, 797-799, 835 N.E.2d 1124 (2005). The Court is here justified in awarding multiple (double or treble) damages against all Defendants.

In addition to the exemplary damages, M.G.L. c. 93A §11, authorizes an award of attorneys fees to a prevailing plaintiff. *Jet Line Servs., Inc. v. American Employers Ins. Co.*, 404 Mass. 706, 718 (1989); *Canal Electric Co. V. Westinghouse Electric Corp.*, 406 Mass. 369, 379, 548 N.E.2d 182 (1990). Submitted herewith are the affidavits of Andrew M. Osborne, Philip M. Weinstein and Dennis Baluch.

## VI. CONCLUSION

Judgment should enter against the Defendants Supermarket, Juan Tavera and Juan Vasquez, jointly and severally, in the full amount of the damages due to all Plaintiffs, which sum should be doubled or trebled and to which there should be an award of attorneys fees. Since the level of culpability for the multiple damages for each Defendant appears to be indistinguishable from the others, the same award should be made as to each Defendant.

TROPICAL BANANA CO., Inc.
By their Attorneys

Philip M. Weinstein, Esq.
1 Providence Washington Plaza
Providence, RI 02903
401-521-3500
401-331-9267

OSBORNE & VISCONTI,

Andrew M. Osborne
20 Eastbrook Rd., Suite 304
Dedham, MA 02026
(781) 326-9766
781-326-4113
BBO# 380455