UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION NO. 05-342-T

TROPICAL BANANA COMPANY, INC.,

Plaintiffs

vs.

JUAN'S DOMINICAN MARKET, INC.
D/B/A DOMINICAN SUPERMARKET,
JUAN L. TAVERA, JUAN VASQUEZ
AND JOSE HERNANDEZ,

Defendants

AFFIDAVIT OF PETER TASHO

1. Peter Tasho, being first duly sworn, deposes and says that the statements contained herein are made upon personal knowledge, except where based upon information and belief, business records and/or public records, all of which I believe to be true.

2. I am the Vice President of Tropical Banana Co., Inc. ("Tropical"), a Massachusetts corporation located in the New England Produce Center, Chelsea, Massachusetts. It is engaged in the purchase and sale of perishable agricultural commodities in interstate commerce ("Produce"). Tropical is now and has since 1947 been licensed by the Secretary

of Agriculture under the Perishable Agricultural Commodities Act ("PACA"), License No. 113118, and specializes in the sale of produce to ethnic markets.

3. I have general charge of the operations of Tropical conducted from the New England Produce Center. Amount my duties are the monitoring of lines of credit and the status of cash and credit accounts, along with obtaining payment of balances due to my employer. All the sales and bookkeeping staff of Tropical report to me concerning the customer accounts. I have been employed in the produce industry for more than thirty years and am very familiar with its practices and customs.

4. I have examined the Complaint and the account annexed to the Complaint as Exhibit A and carefully compared it with the original entries in the books of Tropical. The account is truly and correctly made out from those books and the Produce was actually sold and delivered to Juan's Dominican Market, Inc., which did business under the name of Dominican Supermarket ("Supermarket"). The charges set out in the account are true and correct to the best of my knowledge and belief. The allegations in the Complaint are true and correct except where set forth upon information and belief, which I believe to be true.

5. It was the practice of Supermarket representatives to either call Tropical to place an order or personally visit Tropical's location in the New England Produce Center to order and pick up the produce. Some of the orders were delivered to Supermarket in Pawtucket, Rhode Island, but many were picked up in Chelsea, Massachusetts. Supermarket carried a full line of ethnic and non-ethnic produce. Based upon the volume of purchases made by Supermarket from Tropical and my observations of the purchases made from other vendors in the New England Produce Center, it is clear that the wholesale cost of the purchases was in excess of $230,000

per year. Supermarket was and is required to be licensed under PACA.

6. The claim and demand of the Tropical against the Defendants is just, due and payable. There is no just off-set, payment or credit in law or equity known to me. There is now due to the Plaintiff, Tropical the sum principal of $16,782.03 plus interest at the rate of 12 percent per year from ten (10) days after the date of each invoice and costs, reduced by a payment of $2,000.00 received in February 2006 and payment of $500.00 received in March 2006. This customers' terms of sale were net ten (10) days as set forth on the invoices. Also set forth on the invoices is the notice of intent to preserve rights under the PACA statutory trust. Copies of the unpaid invoices are attached hereto as Exhibit 1.

7. After these invoices became delinquent by my staff and I made numerous calls to Supermarket with no response. There constant excuses for failure to pay within terms. We were frequently told that the overdue payment would be made soon. It was clear that Supermarket did not have the funds needed to make payment on time.

8. A meeting was finally arranged for April 2003. At that time the Supermarket representatives claimed that there were numerous billing errors on the account, but failed to provide any substantiation. They were unwilling to pay even the amount that they agreed was due until the other amounts were corrected. I told the Supermarket representatives to provide Tropical with the specific invoices and items on each invoice that they disputed. Despite many of additional requests, the information was not forthcoming.

9. Finally, in May 2005, after this claim had been sent to counsel for collection, we received the documents containing the disputed items needed to review the account. We made corrections to the account and reduced the balance. Copies of the corrected account statement and

invoices were sent to Supermarket through their counsel The corrected balance has not been disputed. Having had no response from Supermarket, I instructed counsel to proceed with collection efforts .

10. I am aware of settlement discussions through two different attorneys acting for the defendants. Supermarket has never agreed to pay the full outstanding balance they now agree is due, but have sought long payment terms. Although I believe that the substantive terms had been agreed upon, the terms were never reduced to a fully signed writing adequate to be filed with the Court..

Peter Tasho

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

On this 8th day of ~~March~~ May, 2006, before me, the undersigned notary public, personally appeared Peter Tasho proved to me through satisfactory evidence of identification which was a Massachusetts Drivers' License, to be the person whose name is signed on the preceding attached document, and acknowledge to me that he/she signed it voluntarily for the stated purpose and that the same is true and correct.

Name:
Notary Public

SUSAN McLAUGHLIN
MY COMM. EXPIRES OCT. 24, 2008
COMMONWEALTH OF MASSACHUSETTS
NOTARY PUBLIC

My Commission expires