UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TROPICAL BANANA COMPANY, INC. :
:
:
v. : C.A. No. 05-342T
:
JUAN'S DOMINICAN MARKET, INC., JUAN L. TAVERA AND JUAN VASQUEZ :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is Plaintiff's Motion to Default Defendants, for Assessment of Damages and Entry of Judgment. (Document No. 11). Plaintiff seeks the entry of default judgment jointly and severally against Defendants in the amount of $27,510.42 and also requests that the unpaid principal amount be trebled or, at least, doubled for a total judgment of either $50,346.09 or $33,564.06. This Motion has been referred to me for preliminary review, findings and recommended disposition as to the Assessment of Damages and Entry of Judgment. 28 U.S.C. § 636(b)(1)(A), LR Cv 72(a). A hearing was held on September 14, 2006. For the reasons stated below, I recommend that Plaintiff's Motion (Document No. 11) be GRANTED and that Default Judgment enter against Defendants as specified below.

**Background**

This is an action for damages arising, inter alia, under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, et seq., ("PACA") and the Massachusetts Consumer Protection Act, M.G.L. c. 93A, from the failure of Juan's Dominican Supermarket, Inc. (the "Supermarket"), its officers and directors, to make payment for the perishable agricultural commodities ("Produce")

Case 1:05-cv-00342-T-LDA Document 18 Filed 09/18/2006 Page 2 of 5

sold and delivered to the Supermarket by Plaintiff, Tropical Banana Co., Inc. ("Tropical" or "Plaintiff"). The Supermarket was served with Plaintiff's Complaint through its Registered Agent on August 18, 2005 pursuant to Fed. R. Civ. P. 4(h). (Document No. 4). Defendants Juan L. Tavera and Juan Vasquez were personally served with Plaintiff's Complaint on October 24, 2005, pursuant to Fed. R. Civ. P. 4(e). (Document Nos. 8 and 9). Defendant Jose Hernandez was voluntarily dismissed by Plaintiff on May 26, 2006 and thus is no longer a party to the case. (Document No. 10). On July 26, 2006, Default was entered against the remaining Defendants upon Plaintiff's request due to their failure to respond to Plaintiff's Complaint. (Document No. 17). All of these Defendants were served with Plaintiff's Motion by both Certified Mail and Regular Mail on May 17, 2006. See Document No. 12. Despite such notice, none of the Defendants have, to date, appeared in this action.

Peter Tasho, Tropical's Vice President, testifies by Affidavit in Support of the Motion for Default Judgment. Mr. Tasho indicates that Tropical is a Massachusetts corporation located in the New England Produce Center, Chelsea, Massachusetts. Aff. of Tasho, ¶ 2. Tropical has been licensed by the Secretary of Agriculture under PACA since 1947 (License No. 113118). Id. The Supermarket maintained an open account with Tropical for the purchase of Produce. Id., ¶ 5. Representatives of the Supermarket would either call or visit Tropical's place of business in Chelsea to order Produce for purchase. Id. The Produce orders were either delivered to the Supermarket or "many were picked up in Chelsea" by representatives of the Supermarket. Id. Mr. Tasho authenticated numerous unpaid 2002 invoices and a customer activity summary establishing an unpaid principal balance of $16,782.03 due from the Supermarket to Tropical for Produce. Id., ¶ 6. The invoices note that the listed produce is "sold subject to the statutory trust authorized by

Case 1:05-cv-00342-T-LDA Document 18 Filed 09/18/2006 Page 3 of 5

Section 5(c) of [PACA]," 7 U.S.C. § 499e(c). Id. and Ex. 1. Given that the orders were placed with a business located in Massachusetts and, in many cases, the orders were picked up by representatives of the Supermarket in Massachusetts, there is a valid basis for Tropical's assertion of supplemental common law and statutory claims under Massachusetts law.

**Discussion**

Plaintiff seeks judgment in the total amount of $27,510.42 consisting of $16,782.03 principal due on the unpaid 2002 invoices, $3,134.59 interest and $7,593.80 attorneys' fees.[1] Plaintiff also argues that the principal sum should be trebled ($50,346.09) or, at least, doubled ($33,564.06), pursuant to Mass. Gen. Laws ch. 93A, § 11. The Court has the discretion, but is not required, to award double or treble damages under Count IV. However, Plaintiff has not made a sufficient showing to warrant such exemplary damages. Plaintiff, at the hearing and in its Memorandum of Law and supporting Affidavits, has otherwise provided satisfactory legal and evidentiary support for its damages and entitlement to the entry of judgment in the adjusted amount of $26,599.17. Judgment in this amount is more than sufficient to make Plaintiff whole, as it includes interest and attorneys' fees.

Because Default has entered against Defendants, the factual allegations of Plaintiff's Complaint are taken as true. See Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002). When default judgment is sought pursuant to Fed. R. Civ. P. 55(b)(2) against a party who has failed to plead or otherwise defend, the District Court has an affirmative duty to assure itself that it has jurisdiction over both the subject matter and the defaulted party. See Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001). Plaintiff alleges subject matter

[1] The actual interest claimed is $7,634.59 but Plaintiff indicates that the Supermarket has made periodic payments in 2006 totaling $4,500.00 which it has applied to interest.

Case 1:05-cv-00342-T-LDA Document 18 Filed 09/18/2006 Page 4 of 5

jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental). Plaintiff's Complaint is brought under a federal statute, PACA (7 U.S.C. § 499a, et seq.), and includes supplemental state statutory and common law claims arising out of the same facts. Thus, this Court has subject matter jurisdiction in this action.

As to personal jurisdiction, the Return of Service indicates that service was effectuated on the Supermarket by serving its Registered Agent at the time, Attorney Glen J. Scioti, Esquire, of Cranston, Rhode Island, and Plaintiff alleges that the Supermarket is a Rhode Island corporation doing business in Pawtucket. Defendants Tavera and Vasquez are alleged to be Rhode Island residents and officers of the Supermarket as well as "responsibly connected persons" as defined in PACA, 7 U.S.C. § 499(b)(9)(B). Defendants Tavera and Vasquez were personally served in Rhode Island. Thus, this Court has personal jurisdiction over Defendants.

Finally, with respect to attorneys' fees, Plaintiff's counsel testifies in his Affidavit that his hourly rate during the period in question ranged from $275.00 to $325.00 per hour. However, the itemized billing records indicate that counsel billed initially at the $300.00 rate and then in September 2005 increased his rate to $325.00. This Court concludes that the $275.00 rate is reasonable given the nature of the work outlined in the itemized billing records and will apply that rate. Thus, the attorneys' fee award is reduced by $911.25 to a total of $6,682.55.

This Court, having both subject matter and personal jurisdiction and the allegations of Plaintiff's Complaint having been established by default, concludes that Plaintiff's Motion should be GRANTED as noted below.

**Conclusion**

Case 1:05-cv-00342-T-LDA Document 18 Filed 09/18/2006 Page 5 of 5

For the reasons stated above, I recommend that Plaintiff's Motion (Document No. 11) be GRANTED and that Final Judgment enter in favor of Plaintiff jointly and severally against Defendants Juan's Dominican Market, Inc., Juan L. Tavera and Juan Vasquez, in the total amount of $26,599.17 (consisting of $16,782.03 principal due, $3,134.59 accrued interest and $6,682.55 attorneys' fees).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 15, 2006

Accepted in the absence of objection.

Ernest C. Torres

Ernest C. Torres, Chief Judge
Date: Oct. 6, 2006